UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NATHAN RICE, BRANDON RICE, JONATHON RICE, JESSICA RICE, and BRENDA RICE ON BEHALF OF HER MINOR DAUGHTER, M.R., INDIVIDUALLY AND ON BEHALF OF THEIR DECEASED FATHER, GERALD RICE,

                Plaintiffs,

-vs-                                      Case No. 2:11-cv-548-FtM-29SPC

RELIASTAR LIFE INSURANCE COMPANY, JOEL ARNOLD, INDIVIDUALLY AND IN HIS CAPACITY AS A LIVINGSTON PARISH SHERIFF'S DEPUTY, AND WILLIE GRAVES, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS LIVINGSTON PARISH SHERIFF,

                Defendants.
_____/

**ORDER**

This matter comes before the Court on Defendant Joel Arnold's Motion to Quash and Motion for Protective Order (Doc. #1) filed on September 12, 2011. The Plaintiffs filed their Memorandum in Opposition to Motion to Quash and Motion for Protective Order (Doc. #5) on September 27, 2011. This motion is thus ripe for review.

This dispute arises out of a lawsuit filed in the Middle District of Louisiana against Livingston Parish Sheriff's Deputy Joel Arnold for his alleged use of excessive and unreasonable deadly force. The Plaintiffs further alleged that Defendant Willie Graves is liable for his negligent hiring, retention, training, and supervision of Arnold. During the course of discovery

in the underlying litigation, on or about September 1, 2011, Plaintiffs Rice issued a Subpoena To Produce Documents, Information, or Objects ("Subpoena") to a non-party, Lee County Sheriff's Office ("LCSO"), requesting the production of documents, records, and communications on or before September 16, 2011. Defendant Joel Arnold challenges the Subpoena to produce documents issued to the Lee County Sheriff's Office for his personnel file. Arnold was formerly a deputy with the Lee County Sheriff's Office in the 1990s. When he left the LCSO, he went to work in Livingston Parish. The Subpoena requests three things: (1) Arnold's complete personnel file, "including all pre-employment examinations or evaluations, training records, employment application, performance evaluation(s), and separation or termination documents, and any other related records pertaining to . . . his prior employment by the Lee County Sheriff's Office"; (2) All documents and tangible things provided or sent to LCSO by the Livingston Parish Louisiana Sheriff's Office; and (3) All documents and tangible things provided or sent to the Livingston Parish Louisiana Sheriff's Office by the LCSO. (Doc. #1-1, ¶¶ 1-3).

Defendant contends that the request for documents is "vague, overbroad, unduly burdensome and, in large part, not relevant." (Doc. #1, ¶2). He argues that the Subpoena directly infringes on the privacy interests of Arnold and the Lee County Sheriff's Office and its employees. (Doc. #1, ¶2). Thus, Defendant requests that the Subpoena be quashed and a protective order be issued to prevent production of the allegedly privileged and confidential information. (Doc. #1, ¶3). In the alternative, the Defendant requests that "any produced documents be subject to an *in camera* inspection by this Court to determine the discoverability and relevance of [the subpoenaed] items, with a protective order issued to prevent production of any irrelevant and/or privileged documents." (Doc. #1, ¶4). Further, the Defendant requests that a protective order be issued "limiting the distribution of those documents and the dissemination

of the confidential information contained therein, as well as an order requiring prompt returned [sic] of any documents produced to the answering party at the conclusion of this litigation." (Doc. #1, ¶4).

On September 26, 2011, LCSO through counsel filed a Notice of Receipt (Doc. #4) stating that it has in its possession the personnel file of Joel Arnold for the period of time that he was deputy sheriff for the Lee County Sheriff's Office. The LCSO agrees that parts of Arnold's records are public record and available for inspection pursuant to Chapter 119 of Florida Statutes. The LCSO agrees to provide the requested documents without objection. However, the LCSO noted, too, that parts of the file contain information which is exempt from public records under Florida Statute 119. Thus, the LCSO seeks clarification about what, if any, information it should redact prior to complying with the Subpoena.

### *(1) Whether Defendant Joel Arnold Has Standing to Challenge the Subpoena*

The Subpoena in this case was served on Defendant's former employee, the LCSO. The Subpoena was not served on Defendant personally. In general, it is the person to whom a subpoena is directed who has standing to seek a motion to quash. State of Fla. ex rel. Butterworth v. Jones Chemicals, Inc., 1993 WL 388645, at *2 (M.D. Fla. Mar. 4, 1993); see also Brown v. Braddick, 595 F.2d 961, 967 (5th Cir. 1979) (holding that a motion to quash may only be brought by the witness; the parties do not have standing to bring a motion to quash on behalf of a witness). The law governing courts in the Eleventh Circuit, however, is somewhat broader, and standing exists if the party alleges a "personal right or privilege" with respect to the subpoenas. Auto-Owners Ins. Co. v. Se. Floating Docks, Inc., 231 F.R.D. 426, 429 (M.D. Fla. 2005); see also Brown v. Braddick, 595 F.2d 961, 967 (5th Cir. 1979); Jones Chem., Inc., 1993 WL 388645 at *2.

At the outset, it is noted that the standing to challenge a subpoena issued to a third party rests solely on the ability to assert an infringement on a *personal* right or privilege. Thus, in this case, Defendant Arnold has standing to challenge the Subpoena on the grounds that it violates his personal rights and privileges. He does not, however, have standing to challenge the Subpoena on the ground that it directly infringes upon the privacy interests of LCSO and its employees. The Court thus turns next to the question of whether Defendant has a personal right in his employment record.

In considering whether a party had standing to move to quash a subpoena *duces tecum*, courts have repeatedly found that an individual possesses a personal right with respect to information contained in employment records and, thus, has standing to challenge such a subpoena. See, e.g., Chamberlain v. Farmington Sav. Bank, No. 3:06CV01437 (CFD), 2007 WL 2786421, at *1 (D. Conn. Sept. 5, 2007) ("The plaintiff clearly has a personal right with respect to information contained in his employment records."); Richards v. Convergys Corp., No. 2:05-CV-00790-DAK; 2:05-CV-00812 DAK, 2007 WL 474012, at *1 (D. Utah Feb. 7, 2007) (finding that a party had standing to challenge subpoenas seeking employment records from the party's current employer and a company that had made a job offer); Beach v. City Olathe, Kansas, No. 99-2210-GTV, 2001 WL 1098032, at *1 (D. Kan. Sept. 17, 2001) (defendant "clearly has a 'personal right' in his personnel file and applications for employment that would give him standing to move to quash the subpoenas").

This Court agrees with the decisions holding that a party does have a personal right with respect to information contained in their employment records. Here, Plaintiffs have sought all records pertaining to Defendant's former employment with LCSO. These records likely contain highly personal and confidential information, such as social security numbers, and medical

information that is protected from disclosure under various federal and state laws, payroll information, income tax information, and information about family members. Therefore, Defendant's personal right to the employment records is sufficient to confer standing to move to quash the subpoenas *duces tecum.* Accordingly, the Court will now consider Defendant's arguments advanced in support of his Motion to Quash and Motion for Protective Order.

### *(2) Whether the Subpoena is Overbroad*

The Subpoena to LCSO requests three things: (1) Arnold's complete personnel file, "including all pre-employment examinations or evaluations, training records, employment application, performance evaluation(s), and separation or termination documents, and any other related records pertaining to . . . his prior employment by the Lee County Sheriff's Office"; (2) All documents and tangible things provided or sent to LCSO by the Livingston Parish Louisiana Sheriff's Office; and (3) All documents and tangible things provided or sent to the Livingston Parish Louisiana Sheriff's Office by the LCSO. (Doc. #1-1, ¶¶ 1-3). Defendant contends that such requests are facially overbroad to the extent that they seek all documents "related to" Arnold. He argues that the "use of such language gives no specificity as to what documents the Plaintiffs seek to compel and places an undue burden on the respondent to decipher what should be included in their response." (Doc. #2, p. 7). Thus, the Defendant argues, "the Subpoena should be quashed pursuant to Fed. R. Civ. P. 45(3)(A)(iv) [sic] and a protective order issued to prevent its production."

While Fed. R. Civ. P. 45(c)(3)(A)(iv) does require the Court to quash or modify a subpoena that subjects a person to an undue burden, that is clearly not the case here. The Lee County Sheriff's Office has acknowledged receipt of the Defendant's Motion to Quash. (Doc. #4). In their response, the LCSO makes no statement that compliance with the terms of the

Subpoena in any way places an undue burden on them. Indeed, the concern of the LCSO seems to be more about complying with the terms of Defendant's Motions and any subsequent Order than in producing the requested documents. Thus, this Court finds that the Subpoena issued to the LCSO by Plaintiffs is not overbroad.

### *(3) Whether the Subpoenaed Documents are Relevant*

Defendant argues that the Subpoena seeks information that is irrelevant to the Plaintiff's causes of action. He contends that information in his personnel file is not reasonably calculated to lead to the discovery of admissible evidence under Fed. R. Civ. P. 26(b)(1). In particular, Defendant contends that highly personal, confidential information such as social security numbers, medical information, annual vacation and medical leave, payroll information, income tax information, retirement plans, and information about family members is not relevant under the Rule, and thus serves as a basis for quashing the Subpoena. Defendant also contends that the Subpoena seeks discovery of performance evaluations and separation or termination documents "in an attempt to show past actions of similar behavior by Arnold." (Doc. #2, p. 9). Defendant argues that under Fed. R. Evid. 404(b), evidence of his past discipline or termination for use of excessive force while with the LCSO would be inadmissible to show that he acted in conformity therewith while employed in Louisiana.

With regard to highly personal information, Plaintiffs do not object to the redaction from the records of any social security numbers, payroll information, tax information, vacation and retirement plan information, or information identifying Defendant's family members. (Doc. #5, p. 4). Further, the LCSO has indicated that they are willing and able to comply with any Court order to redact such information as provided by Florida law under Fla. Stat. Ch. 119. (Doc. #4, ¶4).

Defendant's argument that the evidence sought by Plaintiffs regarding his past conduct will be inadmissible at trial under Fed. R. Evid. 404(b) is not the issue currently before this Court. Indeed, at this stage, the Court is not deciding the admissibility of such evidence, but only whether the Plaintiffs may obtain it. Fed. R. Civ. P. 26(b)(1) states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Thus, the standard for discovery is quite broad. Information pertaining to Defendant's actions while employed with the LCSO could quite reasonably be relevant to many of the Plaintiffs' claims or any number of the affirmative defenses raised by the Defendants. Defendant Arnold will have every opportunity to present the appropriate motion *in limine* to the trial court to challenge the admissibility of any document produced. It is not for this Court to say now that the requested documents are so irrelevant that could not be reasonably calculated to lead to the discovery of admissible evidence.

### (4) Whether the Subpoenaed Documents are Privileged

Defendant contends that *if* his employment records with LCSO contain medical examinations – which he is not sure they do – such records are privileged and should not be produced. Defendant further argues that since his mental or physical condition are not at issue in this case, any privileged documents related to medical examinations of Defendant are irrelevant absent Plaintiffs demonstrating their relevancy.

On the contrary, however, the party invoking the privilege bears the burden of proof. Tyne v. Time Warner Entertainment Co., L.P., 212 F.R.D. 596, 599 (M.D. Fla 2002). "This burden can be met only by an evidentiary showing based on competent evidence, and cannot be discharged by mere conclusory or *ipse dixit* assertions." CSX Transportation, Inc., v. Admiral Insurance Co., 1995 WL 855421, at *1 (M.D. Fla. July 20, 1995) (internal quotes omitted). Pursuant to Fed. R. Civ. P. 26(b)(3) & (5) this evidence is generally provided through the use of a privilege log. Typically, the privilege log will identify each document and the individuals who were parties to the communications with sufficient detail to permit the compelling party or court to determine if the privilege is properly claimed. Id. at *3. More specifically, a proper privilege log should contain the following information:

> (1) the name and job title or capacity of the author of the document;
> (2) the name and job title or capacity of each recipient of the document;
> (3) the date the document was prepared and if different, the date(s) on which it was sent to or shared with persons other than the author(s);
> (4) the title and description of the document;
> (5) the subject matter addressed in the document;
> (6) the purpose(s) for which it was prepared or communicated; and
> (7) the specific basis for the claim that it is privileged.

See Roger Kennedy Construction, Inc. v. Amerisure Insurance Co., 2007 WL 1362746, at *1 (M.D. Fla. May 7, 2007) (detailing the information needed in a proper privilege log).

Here, the Defendant has not even actually asserted that there are any medical records in the employment file, let alone that they are subject to doctor-patient privilege. Absent a privilege log, this Court is unable to determine whether or not such privilege applies. Thus, Defendant's generalized claim of privilege must be denied. Additionally, since there is no surviving claim of privilege, this Court finds no need to have *in camera* review of documents.

Even so, this Court agrees with the Defendant that the information sought by this Subpoena is of a sensitive nature and deserves to be protected. The Parties are ordered to meet and confer and come to an agreement on a protective order of confidentiality that will govern this production. The Parties shall submit the proposed protective order to this Court within two weeks. Any obligation of the Lee County Sheriff's Office to produce documents is stayed until a Protective Order is issued by this Court.

Accordingly, it is now

**ORDERED:**

(1) Defendant Joel Arnold's Motion to Quash and Motion for Protective Order (Doc. #1) is **GRANTED IN PART** and **DENIED IN PART**. The Parties shall submit the proposed protective order to this Court on or before **October 17, 2011**. The Parties are also directed to email a copy to chambers_flmd_chappell@flmd.uscourts.gov.

(2) The Lee County Sheriff's Office request for instructions (Doc. #4) is **GRANTED**. Directives as requested in the Motion are provided herein.

**DONE AND ORDERED** at Fort Myers, Florida, this __3rd__ day of October, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record